UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| SONY MUSIC ENTERTAINMENT, ET AL., | ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | Civil No. 09-190-P-H |
| ALEXZANDRIA REGAN, | ) ) ) | |
| Defendant | ) | |

## ORDER ON MOTION TO VACATE DEFAULT JUDGMENT

The defendant has moved to vacate the default judgment against her on the basis that it is void. She claims that the plaintiff never properly served her with process. She brings her motion under Fed. R. Civ. P. 60(b)(4). The plaintiff responds with all the reasons why the motion should not be granted under Fed. R. Civ. P. 60(b)(1). But the First Circuit caselaw is clear that those reasons do not apply to vacating a void judgment. Shank/Balfour Beatty v. IBEW, 497 F.3d 83, 94 (1st Cir. 2007). "[A] district court has no discretion when deciding a motion brought under Rule 60(b)(4) 'because a judgment is either void or it is not.'" Id. (quoting Fafel v. DiPaola, 399 F.3d 403, 409-10 (1st Cir. 2005)). And "[w]hen judgment is entered against an entity never properly served as a party to the case, the judgment is 'void' within the meaning of Rule 60(b)(4)." Id. Here, the defendant claims that she was never properly served. The plaintiffs disagree. The Clerk's Office shall schedule a conference of counsel to discuss how to proceed on resolving that issue,

whether by live testimony or by affidavits. I suggest that the lawyers also consult Ariel Waldman's <u>Allocating the Burden of Proof in Rule 60(b)(4) Motions to Vacate a Default Judgment for Lack of Jurisdiction</u>, 68 U.Chi. L. Rev. 521 (2001).

    **SO ORDERED.**

    **DATED THIS 28TH DAY OF JANUARY, 2010**

    /s/D. Brock Hornby
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**